## Case No. 7,726.

### In re KEROSENE OIL CO.

[6 Blatchf. 521;[1] 3 N. B. R. 125 (Quarto, 31).]

Circuit Court, E. D. New York. July 29, 1869.

PRACTICE IN BANKRUPTCY—JURISDICTION OF DISTRICT COURTS—INJUNCTION—RESTRAINING PROCEEDING IN STATE COURT.

1. K. was adjudged a bankrupt. G., at the time, held a mortgage on some of K.'s property. Afterward G. commenced a suit in the state court, for the foreclosure of the mortgage, making J., the assignee in bankruptcy of K., a defendant. J., on a petition to the district court, alleging the invalidity of the mortgage, and praying that it might be decreed to be void, and that the mortgaged premises might be sold, and the proceeds be brought into court, and that further proceedings in the foreclosure suit might be enjoined, obtained such injunction, and an order requiring G. to answer the petition: *Held*, that the district court had jurisdiction in the case, under

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

section 1 of the bankruptcy act of March 2, 1867 (14 Stat. 517).

[Cited in Re Ulrich, Case No. 14,327; Markson v. Heaney, Id. 9,098; Knight v. Cheney, Id. 7,883; Re Brinkman, Id. 1,884; Phelps v. Sellick, Id. 11,079; Re Hufnagel, Id. 6,837; Olney v. Tanner, 10 Fed. 104; Brown v. Evans, 18 Fed. 61.]

2. The proceeding by J. should have been by a formal bill in equity.

[Disapproved in Norris' Case, Case No. 10,304. Cited in Re Bonesteel, Id. 1,627; Barstow v. Peckham, Id. 1,064.]

3. The petition of J. was directed to be amended, and to be filed as a bill in equity, and G. was ordered, on service of a copy of it on his attorney, to plead to or answer it, according to the rules and practice of the court, and proceedings in the foreclosure suit were stayed.

This was a petition by the New York Guaranty and Indemnity Company, for the review of an order of the district court, sitting in bankruptcy. The case was this: The Kerosene Oil Company, a corporation, was adjudged a bankrupt on the 16th of June, 1868, and Charles Jones was appointed its assignee. At that time, the New York Guaranty and Indemnity Company held a mortgage against the bankrupt, which it claimed was a lien on a part of the assets; and, on the 10th of October following, it commenced a suit, in the supreme court of the state of New York, to foreclose said mortgage, making, among others, the assignee in bankruptcy one of the defendants. The amount secured by the mortgage was $100,000. On the 30th of October, the assignee presented a petition to the district court, alleging, among other things, the invalidity of the mortgage, and praying that it might be declared to be of none effect, and void, for reasons set forth in the petition; that the mortgaged premises might be sold, and the proceeds be brought into court, and disposed of according to the rights of the several parties interested therein; and that an injunction might be issued out of that court, enjoining the Guaranty and Indemnity Company, their officers and agents, from taking any further proceedings in the foreclosure suit. This injunction was granted [Case No. 7,725], and the company was required to answer the petition.

Benjamin F. Tracy, for assignee in bankruptcy.

William Allen Butler, for Guaranty and Indemnity Company.

NELSON, Circuit Justice. It is claimed, that the district court had no jurisdiction over the foreclosure suit in the supreme court; that it was error to enjoin the proceedings therein; and that, if the court had jurisdiction, the proceeding to restrain the suit, and to adjudicate on the rights of the parties, should have been taken by bill, and not by an informal and summary proceeding.

1. I am inclined to think that the district court had jurisdiction in the case, under the first section of the bankruptcy act, which provides, that the jurisdiction thereby conferred shall extend to all controversies between the bankrupt and any creditor or creditors, and, among other things, "to the ascertainment and liquidation of the liens, and other specific claims thereon," that is, on the assets, and, "to the adjustment of the various priorities and conflicting interests of all parties." In the present case, the proceedings were instituted in the supreme court of the state after the Kerosene Oil Company had been declared a bankrupt, and an assignment of its assets had been made. Whether or not it would be otherwise as to the jurisdiction, if the suit had been pending in the state court at the time of the institution of the bankruptcy proceedings, is a question I do not intend to determine in this case.

2. But, I am of opinion that the proceeding by the assignee against the Guaranty and Indemnity Company should have been by bill in equity, and not in this informal and summary way. The 2d section provides, that the circuit courts shall have concurrent jurisdiction with the district courts, of all suits at law or in equity, which may be brought by the assignee in bankruptcy against any person claiming an adverse interest, or by such person against such assignee, touching any property, or rights of property, of the bankrupt, &c., but limits the suits, so that they must be brought within two years from the time the cause of action accrued for, or against, the assignee. The 8th section gives an appeal to the circuit court from the decrees of the district court, in all cases in equity, and a writ of error in cases at law, when the debt or damages claimed amount to more than five hundred dollars. The residue of the section applies principally to the case of a creditor whose claim has been rejected or allowed by the district court in the course of the bankruptcy proceedings, and has no application to the present case, as the Guaranty and Indemnity Company has not appeared as a creditor therein. The 9th section allows an appeal, or writ of error, from the circuit court to the supreme court, where the matter in dispute exceeds two thousand dollars.

Now, under the 2d section of the act, and the concurrent jurisdiction there conferred, this proceeding might have been instituted in the circuit court. It is a proceeding by the assignee against a person claiming an adverse interest, within the very words of the section; and, it seems to me, that a fair interpretation of them would require the proceeding to be a suit at law, or a bill in equity, as the case might be. If so, I think the proceeding should be the same in the district court. It is by no means clear, that, under the 8th section, an appeal would lie to the circuit court, from a decision of the district court, in the summary proceedings in the present case.

I shall direct, therefore, that the petition of the assignee to the district court be amended, and be filed as a bill in equity; that, on

serving a copy of the same on the attorney for the company, it shall plead or answer within and according to the rules and practice of the court; that all proceedings be stayed, as respects the company, its officers and agents, in the foreclosure suit in the state court; and that all orders and proceedings in the case, inconsistent with this order, be vacated and set aside.

[NOTE. In accordance with the order above, the assignee did amend his petition so as to make the same a bill in equity. To this bill the Guaranty and Indemnity Company filed its answer. In January, 1875, a decree was entered in the district court adjudging that the Guaranty Company's mortgage was not a lien upon the property of the bankrupt corporation, and enjoining the Guaranty Company from proceeding to foreclose the same (case is not reported). From this decree the defendant, the Guaranty Company, appealed to the circuit court, which reversed the district court, directing that the mortgaged property be sold, and the proceeds be applied to the debt of the Guaranty Company (case is not reported). From this decree of the circuit court the assignee appealed to the supreme court. Mr. Justice Swayne delivered the opinion of the court affirming the decision of the circuit court, and holding that the mortgage in this case was given for a debt of the corporation, and not of one of its officers, and that the same is properly a lien upon the assets of the bankrupt corporation. The point as to the jurisdiction of the district court to grant injunction was not considered in the supreme court. Jones v. Guaranty & Indemnity Co., 101 U. S. 622.]